UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In the Matter of the Discipline of | ) | |
| | ) | No. 18 MC 40 |
| Nejla Kassandra Lane, | ) | |
| | ) | (Before the Executive Committee) |
| an attorney | ) | |

ORDER

     This Order finds that attorney Nejla Kassandra Lane has committed misconduct in violation of Rules of Professional Conduct 3.5(d) and 8.4(d), which are incorporated through Local Rule 83.50, by repeatedly acting in an unprofessional, disrespectful, and threatening manner, including sending inappropriate email messages to a judge's Proposed Order email account. This Order imposes discipline on Ms. Lane for those violations.

     Ms. Lane has been a member of the General Bar of this Court since January 11, 2007, and became a member of the Trial Bar of this Court on August 27, 2014. Ms. Lane recently appeared in 14 C 8431, *Barry Epstein v. Paula Epstein,* before Magistrate Judge Sheila Finnegan.

     On October 31, 2017, Judge Finnegan submitted a complaint to the Executive Committee. According to the complaint, beginning on April 17, 2017, Ms. Lane sent emails to Judge Finnegan's Proposed Order email account to complain about rulings. For example, Ms. Lane stated in her final email on June 26, 2017 (also sent to Judge Finnegan's law clerk, Allison Engel): "The more I read this order, again and again, I am sick to my stomach, and I get filled with anger and disgust over this 'fraudulent' order by this court!" Ms. Lane concluded: "You both, Allison and J. Finnegan, have done me wrong, and depicted me very poorly in your public order. How dare you do that to me?! What goes around comes around, justice will be done at the end! I wonder how you people sleep at night? Including Scott [Schaefers, Paula Epstein's attorney]! Thank you Allison! Great job!"

     Despite being advised in writing by Judge Finnegan that the communication was improper, Ms. Lane continued sending lengthy emails, using unprofessional, inappropriate, and threatening language during the course of the proceedings in *Epstein*. Some of the misconduct included referring to Judge Finnegan's orders as "outrageous" and stating that, "Judges are helping the criminal to escape

1

punishment by forcing to shorten all deadlines!!!"

On November 14, 2017, on behalf of the Executive Committee, the Clerk of Court sent a Citation to Ms. Lane along with a copy of Judge Finnegan's complaint, directing her to respond. In her response, Ms. Lane apologized to Judge Finnegan for sending the "emotionally charged emails that now appear to have been inappropriate . . ." Ms. Lane attempted to explain her conduct by asserting that she was "under extreme pressure to ensure that justice was served" and that she harbors "deep concerns about Judge Finnegan's impartiality." While Ms. Lane apologized, she continued to support her decision to use unprofessional and inappropriate language.

In light of the record, the Executive Committee finds that Ms. Lane violated Rule of Professional Conduct 3.5(d) by "engag[ing] in conduct intended to disrupt a tribunal." Ms. Lane also violated Rule 8.4 by "engag[ing] in conduct that is prejudicial to the administration of justice." As described above, Ms. Lane's reactions to the judge's decisions prejudiced the administration of justice. Due to the misconduct, the Executive Committee finds that Ms. Lane intended to disrupt the proceedings.

On the question of what discipline to impose, the nature of the violation and the repeated instances of disruption weigh in favor of a serious disciplinary sanction. In mitigation, Ms. Lane has apologized to Judge Finnegan. On balance, the Executive Committee orders that

   a. Nejla Kassandra Lane is suspended from the General Bar of this Court for six months. No sooner than six months from the date of this Order, Ms. Lane may petition the Executive Committee for reinstatement to the General Bar. Not only must the petition meet Local Rule 83.30(d)'s reinstatement standard and burden of proof, the petition must be supported by records demonstrating that Ms. Lane has sought professional assistance to comply with the Rules of Professional Conduct and to deal effectively with her management of anger.

   b. Nejla Kassandra Lane is suspended from the Trial Bar for one year. No sooner than 12 months from the date of this Order, Ms. Lane may petition the Executive Committee for reinstatement to the Trial Bar. The Executive Committee finds that the misconduct committed shows that Ms. Lane is not able to serve as lead counsel during a trial for at least the one-year period. To lift the suspension, she must meet Local Rule 83.30(d)'s reinstatement standard and burden of proof at the end

of the one-year period. and must submit records demonstrating that she has sought professional assistance

c. Within 21 calendar days of the docketing of this order, Nejla Kassandra Lane shall notify by certified mail, return receipt requested, all clients to whom she is responsible for pending matters before this Court of the fact that she cannot continue to represent them during the suspension from the General Bar.

d. Any login credentials issued to Nejla Kassandra Lane for access to the electronic filing system of this Court shall be disabled until she is reinstated to active status in the general bar of this Court.

e. Within 35 days of the entry of this Order, Nejla Kassandra Lane shall file with the Assistant to the Clerk of the Court a declaration indicating her address to which subsequent communications may be addressed.

f. Nejla Kassandra Lane shall keep and maintain records evidencing her compliance with this order so that proof of compliance will be available if needed for any subsequent proceeding instituted by or against her.

g. Any further offensive behavior may lead to further disciplinary action, including, but not limited to, disbarment.

h. The Clerk is directed to enter this Order into the public record.

i. The Clerk is directed to send a copy of this order and all relevant documentation to the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois.

ENTER:

FOR THE EXECUTIVE COMMITTEE

_____
Chief Judge

DATED: January 22, 2018